UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20695-CIV-LENARD/GARBER

SHIRLEY CLOW and ALBERT
GAMBLE, individually and as Personal
Representative of the Estate of Scott
Gamble, Deceased,

    Plaintiffs,

v.

SISSY BABY SPORT FISHING, INC.,
et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. The Court has received Shirley Clow's Motion for Sanctions Against Marc Brumer [DE 95], Mr. Brumer's Response [DE 97], and the Reply [DE 100].

Plaintiff moves for sanctions against Mr. Brumer because he claims that Mr. Brumer misrepresented to the Court that he never received the Motion for Fees that was the subject of a hearing held on April 22, 2010. "Federal courts have the inherent power to impose sanctions on parties, lawyers, or both." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). It is within a court's discretion to sanction attorneys who have acted in bad faith. *Id.* at 1305. The Court may "assess attorneys' fees and costs against the client or his attorney, or both, when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). After reviewing the filings, the Court finds that no acts were willful or intentional. Furthermore, a

controversy exists regarding whether certain documents were submitted and whether other communications took place.[1]  According, it is hereby

ORDERED that Shirley Clow's Motion for Sanctions Against Marc Brumer is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of May, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does need to address the issue of the $333.33 payment from Mr. Brumer for his share of the video presentation from the mediation.  This was requested as part of the relief in Plaintiffs' Motion for Attorneys' Fees and Costs [DE 56] and was discussed at the hearing.  This Court denied that Motion [DE 93].